**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 01-60918
Summary Calendar

BIBI FAZEELA ALLI,

Petitioner,

VERSUS

JOHN D. ASHCROFT, U.S. Attorney General,

Respondent.

Petition to Review a Decision of
the Board of Immigration Appeals

(A78-566-404)

May 3, 2002

Before DeMOSS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Bibi Fazeela Alli petitions for review of an order of the Board of Immigration Appeals ("BIA") dismissing her appeal of the immigration judge's order denying her application for asylum and withholding deportation. She argues that she is entitled to asylum

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

and a withholding of her deportation because she was persecuted while living in Guyana and because she has a well-founded fear that she will be persecuted if she returns. We have jurisdiction to consider her petition for review under the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), 8 U.S.C. § 1252 (1999).

The IIRIRA instructs that we "shall decide the petition only on the administrative record on which the order of removal was based." 8 U.S.C. § 1252(b)(4)(A). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). Finally, "a decision that an alien is not eligible for admission to the United States is conclusive unless manifestly contrary to law." 8 U.S.C. § 1252(b)(4)(C).

Having carefully reviewed the administrative record and the parties' briefs, we conclude that the evidence in this case would not compel a reasonable adjudicator to find that Alli was entitled to asylum status. Since "[t]he level of proof required to satisfy the requirements for withholding of deportation is more stringent than for asylum purposes," Mikhael v. I.N.S., 115 F.3d 299, 306 (5th Cir. 1997) (citations omitted), Alli has failed to prove that she is entitled to a withholding of deportation. We accordingly AFFIRM the BIA's decision to deny Ayele's appeal.

2